UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-466-RJC
(3:05-cr-3-RJC-DCK-1)

| TERRY DONNELL JOHNSON, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255.[1] (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition. Because Petitioner requests alternatively for this Court to construe the petition as one brought under § 2241, the Court does so, and the Court hereby transfers the petition to Petitioner's district of confinement, the Middle District of Florida.

I. **BACKGROUND**

On January 25, 2005, Petitioner was charged with possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts One and Three); and possession with intent to distribute cocaine, and aiding and abetting, in

---

[1] Petitioner filed this action as a "Motion to Reopen" in another § 2255 civil action previously filed in this Court, but he has requested in his filing that this Court alternatively "convert the filing to a second original § 2255; or . . . convert the case to § 2241 and transfer it to the appropriate district." See (3:08cv484, Doc. No. 14 at 3).

violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two).  (Case No. 3:05cr3, Doc. No. 1: Indictment).  A superseding Bill of Indictment added a violation of 18 U.S.C. § 922(g)(1) (Count Four).  (Id., Doc. No. 6).  On September 9, 2005, Petitioner entered into a plea agreement in which he agreed to plead guilty to Counts Three and Four.  (Id., Doc. No. 20). Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1, based on prior state felony convictions for trafficking in cocaine and possession with intent to sell or deliver cocaine.  (Id., Doc. No. 50 at ¶¶ 33; 42; 43: PSR).  The Court sentenced Petitioner to the low end of the advisory guideline range, to 262 months' imprisonment on Count Three, and to 120 concurrent months' imprisonment on Count Four.  (Id., Doc. No. 35: Judgment).  On September 13, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  United States v. Johnson, 252 Fed. App'x 535 (4th Cir. 2007).  The U.S. Supreme Court denied Petitioner's petition for writ of certiorari on February 19, 2008.  Johnson v. United States, 552 U.S. 1206 (2008).

On October 23, 2008, Petitioner filed a motion to vacate, challenging, among other things, his career offender status.  See (3:08-cv-484 (W.D.N.C.), Doc. No. 1).  On May 17, 2011, this Court granted the Government's summary judgment motion and denied the motion to vacate on the ground that Petitioner had raised the same issues on direct appeal, and the Fourth Circuit had rejected each claim.  (Id., Doc. No. 12).  In the instant motion to vacate, filed on or around August 23, 2012, Petitioner seeks, among other things, relief from his enhanced sentence as a career offender under the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).  (Doc. No. 1 at 1 n.1).

II.  **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

As noted, on or around August 23, 2012, Petitioner filed the instant motion to vacate, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:05-cr-003. Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or

successive petition "in the first place").

In his filing, Petitioner states that he seeks, alternatively, for this Court to construe the motion to vacate as a § 2241 habeas petition "and transfer it to the appropriate district." (Doc. No. 1 at 3). Petitioner is confined at the Coleman Federal Correctional Institution in Coleman, Florida, which is in the Middle District of Florida. The Court will construe the filing as a § 2241 petition and transfer the petition to the Middle District of Florida. See United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that, to the extent that Petitioner's filing is brought as a motion to vacate under § 2255, the motion to vacate is an unauthorized, successive petition. Pursuant to Petitioner's request, the Court construes the filing as a habeas petition under § 2241 and the petition is hereby transferred to the Middle District of Florida.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition. Pursuant to Petitioner's request, his petition is alternatively construed as a habeas petition under § 2241 and the petition is hereby transferred to the Middle District of Florida.

Signed: October 8, 2015

Robert J. Conrad, Jr.
United States District Judge