IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00003-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TERRY DONNELL JOHNSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion for Reduced Sentence under the First Step Act of 2018, (Doc. No. 78), and the government's Response consenting to a time-served sentence, (Doc. No. 82).[1]

The defendant pled guilty to possessing with intent to distribute 5 grams or more of cocaine base (Count Three) and possession of a firearm as a felon (Count Four). (Doc. No. 20: Plea Agreement at 1). Combined with his prior drug trafficking convictions, (Doc. No. 5: 21 U.S.C. § 851 Notice), the statutory range of punishment was 120 months to life imprisonment. (Doc. No. 20: Plea Agreement at 1). At the sentencing hearing, the Court found the defendant to be a Career Offender and sentenced him to 262 months on Count Three and 120 concurrent months on Count Four, the low-end of the advisory range, followed by 8 years' supervised release. (Doc. No. 35: Judgment at 2; Doc. No. 46: Sent. Hr'g Tr. at 11-12).

---

[1] The government further consents to consideration of the merits of the instant motion, even though the Court previously denied relief under the First Step Act, (Doc. No. 74: Order), prior to significant developments in the case law.

The parties agree that if the defendant were sentenced today, he would not qualify as a career offender. (Doc. No. 78: Motion at 7-8; Doc. No. 82: Response at 5). Thus, under the First Step Act and decisions interpreting it by the United States Court of Appeals for the Fourth Circuit, the revised advisory guideline range, without career offender enhancement, is 57 to 71 months, followed by 6 years' supervised release. (Doc. No. 80: Supplement to the PSR at 2). The defendant has approximately 212 credited months in the Bureau of Prisons (BOP), with no disciplinary actions and completion of self-improvement and vocational training programs. (Id. at 2-3). Therefore, the defendant seeks a sentence of time served followed by 6 years' supervised release, (Doc. No. 78: Motion at 7), to which the government consents, (Doc. No. 82: Response at 7).

In exercising its discretion under the First Step Act, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct, the public's safety, and the government's concession that the circumstances of this case do not warrant an upward variance above the time the defendant has already served. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for Reduced Sentence, (Doc. No. 78), is **GRANTED,** and the defendant's sentence is reduced to the time served, plus up to 10 days for the BOP to process his release, and up to 14 additional days to protect the public's safety if necessary to quarantine the

2

defendant based on the COVID-19 pandemic. The defendant's term of supervised release is reduced to 6 years. All other terms and conditions remain unchanged.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office (USPO), he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the USPO, as a condition of supervised release.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 10, 2021

Robert J. Conrad, Jr.
United States District Judge